1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

ALEXANDER MUN, *et al.*,

        Plaintiffs,

      v.

FIRST FINANCIAL INSURANCE CO., *et al.*,

        Defendants.

Case No.  C05-2098RSL

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  INTRODUCTION

       This matter comes before the Court on a motion for summary judgment (Dkt. #23) filed by defendant First Financial Insurance Company ("First Financial").[1]  First Financial seeks to dismiss the claims of plaintiffs Alexander Mun and Jason Mun doing business as Professional Home Builders and Professional Homebuilders, LLC (collectively, "PHB").  First Financial argues that PHB is not the real party in interest because it assigned all of its claims to another insurer who is not a party to this action.

       For the reasons set forth below, the Court grants defendant's motion.

[1] Plaintiffs voluntarily dismissed their claims against the other defendant, Century Surety Company, in April 2006.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

## II.  DISCUSSION

**A.     Background Facts.**

The facts relevant to this motion are brief and undisputed.  In 2003, PHB was sued by a third party, Residential Investment Partners 1997, LLC ("RIP"), for allegedly defective construction work (the "underlying action").  A judgment of approximately $1.9 million was entered against PHB.  To resolve the underlying action, PHB entered into a settlement agreement with RIP and PHB's insurer, American States Insurance Company ("ASIC").  ASIC defended PHB in the underlying action, paid all of the defense fees and costs, and paid the full amount of the judgment on PHB's behalf.  ASIC did so in exchange for an assignment of rights, to stop the accrual of post-judgment interest, and to keep PHB and its successor company from being subjected to execution on asserts.  Declaration of Steve Harrison, (Dkt. #29) ("Harrison Decl.") at ¶ 15.

The settlement agreement contains the following provisions relevant to this lawsuit:

> 7.     Reservation Concerning Release:
>        a.  Except as to RIP, Mun, PHB and ASIC reserve all rights with respect to claims not expressly released under this Agreement, including without limitation (1) any claims against any other person, firm, or corporation not a party to this Agreement; (2) any claims arising out of or in any way relating to insurance contracts other than the Policies; (3) any claims arising out of or in any way relating to any claims other than Claims.
>        b.  Mun and PHB do not release, compromise or waive their claims against any other insurance companies that sold insurance policies to Mun or PHB, including without limitation all claims against First Financial Insurance Company and First Century Insurance Company.  Further, it is expressly recognized that Mun and PHB are not being fully compensated for all damages which it [sic] has incurred or may incur with respect to Claims by payment of the Settlement Amount.
>
> 11.    Assignment of Claims.
>        Mun and PHB assign to ASIC all claims and rights, if any, they have against Other Insurers.  The assigned claims include, but are not limited to, claims arising from the handling or coverage for the Claims.  Mun and PHB shall cooperate fully with ASIC, and hereby consent to ASIC prosecuting any coverage or extracontractual claims in the names of PHB and Mun.  ASIC shall bear all reasonable expenses incurred as part of its prosecution of PHB and Mun's claims against the Other Insurers.

Declaration of Michele Radosevich, (Dkt. #25) ("Radosevich Decl."), Ex. A.  PHB also notes that the commercial general liability insurance contract entered into between PHB and ASIC provides:

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 2

> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

Harrison Decl. at ¶ 17.

First Financial issued a policy of insurance to Professional Homebuilders, LLC covering portions of 2000 to 2002. It denied coverage for defense and indemnity in the underlying action. PHB filed its complaint in this Court in December 2005 based on diversity of the parties. In its complaint, PHB alleged that First Financial breached the insurance contract by failing to contribute to its defense or to payment of the judgment. PHB also alleges that First Financial's conduct violated the Washington Consumer Protection Act and its statutory duties, and amounted to negligence and bad faith.

**B.      Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.      Analysis.**

Federal Rule of Civil Procedure 17(a) requires, "Every action shall be prosecuted in the name of the real party in interest." Although PHB acknowledges that it assigned its claims to ASIC, it contends that it can nevertheless pursue this action under several theories.

First, PHB argues that it is in fact the real party in interest, but it offers no facts or arguments to support that assertion. The cases on which it relies did not involve an assignment of all claims. Because this is a diversity case, the Court looks to Washington's substantive law to determine whether PHB is entitled to enforce the rights sued on in this case. See, e.g., 6A

Wright & Miller § 1544, at p. 340.  At least one Washington court has dismissed a claim brought by an insured against their insurer because they previously assigned their claims to a third party. Bench v. State Auto. & Cas. Underwriters, Inc., 67 Wn.2d 999 (1965).  PHB has not cited any contrary authority, alleged that their claims were not assignable, or asserted that anything less than all of its claims were assigned to ASIC.  Accordingly, ASIC is the real party in interest by virtue of the fact that PHB assigned to it "all claims and rights" against the other insurers. Pursuant to the settlement agreement, PHB did not retain any right to its claims against the other insurers.  It is therefore not a real party in interest.  See, e.g., U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986) (explaining that a real party in interest is a "party to whom the relevant substantive law grants a cause of action"); see also 6A Wright & Miller § 1545, at p. 351 ("When all the rights to a claim have been assigned, courts generally have held that the assignor no longer may sue").

PHB argues that even if it is not the real party in interest, this action should not be dismissed because ASIC has ratified the commencement of the action.  PHB relies heavily on the last sentence of Federal Rule of Civil Procedure 17(a), which states,

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

ASIC ratified the commencement of the action approximately three weeks after First Financial objected.  The ratification was therefore obtained within a reasonable period of time after objection.  Furthermore, ASIC has authorized the continuation of the action, and it "agrees to be bound by the outcome of this suit and further agrees that the resolution or final outcome or adjudication of this suit shall have a preclusive effect as to any claims between ASIC and FFIC relating to any of the claims alleged in this action."  Harrison Decl. at ¶ 21.  However, as First Financial points out, the agreement to be bound does not preclude ASIC from filing a lawsuit on its own behalf and asserting claims that PHB has not asserted in this lawsuit.  That outcome

1   would be inconsistent with the purpose of Rule 17(a), which is "'to protect the defendant against

2   a subsequent action by the party actually entitled to recover, and to insure generally that the

3   judgment will have its proper effect as res judicata.'"   U-Haul Int'l, Inc., 793 F.2d at 1039

4   (quoting Note of Advisory Committee on 1966 Amendment to Fed. R. Civ. P. 17).   Moreover,

5   PHB has not addressed the significant authority that explains that the last sentence of Rule 17(a)

6   "is not applicable, however, when there is no difficulty in determining the right party to bring an

7   action and when there has been no excusable mistake made in selecting the party."   Spangler v.

8   Pasadena City Bd. of Educ., 537 F.2d 1031, 1035 (9th Cir. 1976).[2]   In this case, PHB has not

9   argued, and there are no facts to support, that there was difficulty in determining the right party

10  to sue or an excusable mistake in selecting the proper party.   PHB chose to sue knowing that it

11  no longer owned the claims.   In addition, First Financial's reply memorandum persuasively sets

12  forth the numerous pitfalls of allowing a party to sue in another's name based simply on a

13  subsequent ratification.   Defendant's Reply at p. 6.   Accordingly, the subsequent ratification

14  does not preclude dismissal.

15       Second, PHB argues that even though ASIC paid the full judgment it nonetheless has an

16  independent, common law right to sue First Financial.   Although PHB might have had

17  independent claims against First Financial, it assigned *all* of its potential claims against First

18  Financial to ASIC.   That fact also defeats PHB's assertion that First Financial's duties ran to it,

19  not ASIC.   PHB also alleges that it reserved rights against First Financial based on paragraph 7

20  of the settlement agreement.   Although paragraph 7 states that PHB did not release, compromise,

21  or waive its claims against First Financial, thereby preserving the claims, it does not alter the

22

23       [2] See also United States ex rel. Wulff v. CMA, Inc., 890 F.2d 1070, 1074 (9th Cir. 1999)
    (explaining that the purpose of the final sentence of Fed. R. Civ. P. 17(a) "is to prevent
24  forfeiture of an action when determination of the right party to sue is difficult or when an
    understandable mistake has been made") (internal citations omitted); see also 6A Wright &
25  Miller § 1555, at p. 415 ("it has been held that when the determination of the right party to bring
    the action was not difficult and when no excusable mistake had been made, then the last
26  sentence of Rule 17(a) was not applicable and the action should be dismissed").

27

1    fact that PHB fully and unequivocally assigned those claims to ASIC.

2         PHB also alleges that First Financial wrongfully refused to defend and indemnify it in the

3    underlying suit.  That allegation, however, is irrelevant to the issue of which entity is now the

4    real party in interest.

5         Third, PHB argues that its contract with ASIC expressly permits it to bring suit in its own

6    name.  As a related issue, PHB contends that part of the consideration for ASIC's payments in

7    the underlying suit was that this suit would be prosecuted in PHB's name.  PHB has not cited

8    any authority that supports its contention that parties can contractually agree to alter the real

9    party in interest requirement.  Nor has it offered any policy reasons to justify permitting that

10   result.  In fact, the policy considerations weigh against it.  In addition to the dangers of multiple

11   litigation and wasted resources, sanctioning the agreement under the circumstances would

12   encourage calculated, strategic maneuvering of the type displayed in this case.

13        In a similar case, another court rejected the insureds' contention that they were the real

14   parties in interest after they had assigned their claims to their insurer.  Metal Forming Techs.,

15   Inc. v. Marsh & McLennan Co., 224 F.R.D. 431 (S.D. Ind. 2004).  The court in that case

16   explained, "Plaintiffs' reliance on the settlement agreement's provision permitting [the insurer]

17   to sue in Plaintiffs' names is unpersuasive and does not support an honest mistake.  Instead, the

18   Court finds that [the insurer]'s decision to sue in Plaintiffs' names was a strategic and tactical

19   decision in contravention of Rule 17(a)."  Id. at 437 (granting summary judgment because

20   plaintiffs were not the real parties in interest).  In this case, the fact that ASIC and PHB have

21   engaged in tactical conduct is further evidenced by the fact that they have not sought substitution

22   or joinder.  Rather, they appear interested only in prosecuting this action in PHB's name, most

23   likely to make plaintiff more sympathetic to a jury.  The Court will not condone such conduct.[3]

24

25        [3] Furthermore, Section IV of the American States policy states, "At our request, the
26   insured will bring 'suit' or transfer those rights to us and help us enforce them."  Harrison Decl.
     at ¶ 17.  The policy does not contemplate what occurred here, which is PHB assigning its rights
27

28   ORDER GRANTING MOTION
     FOR SUMMARY JUDGMENT - 6

1    Finally, the fact that PHB may have been injured by First Financial's conduct and may

2  tangentially benefit from a successful prosecution of this lawsuit are insufficient to show that it

3  is the real party in interest.  Although those facts might be sufficient to confer standing, they are

4  insufficient to show that PHB possesses any legal rights to the assigned claims.  <u>See, e.g.</u>, <u>Metal</u>

5  <u>Forming Techs., Inc.</u>, 224 F.R.D. at 435 (explaining the difference between constitutional

6  standing and the real party in interest requirement).

7    In sum, as a result of the assignment of all claims, PHB is not the real party in interest in

8  this matter, and the subsequent purported ratification does not preclude dismissal.  PHB has not

9  moved to amend or to substitute or join ASIC.[4]  This matter must therefore be dismissed.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS First Financial's motion for

summary judgment (Dkt. #23).  The Clerk of the Court is directed to enter judgment in favor of

defendants and against plaintiffs.

DATED this 20th day of December, 2006.

*MhT S Lasnik*

Robert S. Lasnik
United States District Judge

---

to ASIC *and* bringing suit in its own name.

[4] The dismissal is not a dismissal with prejudice as to ASIC.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 7