UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMERICAN STATES INSURANCE CO.,

Plaintiff,

v.

FIRST FINANCIAL INSURANCE CO.,

Defendant.

Case No. C05-2098RSL

ORDER REGARDING CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for partial summary judgment (Dkt. #57) filed by defendant First Financial Insurance Company ("First Financial"). First Financial seeks an order declaring that its insurance policy does not cover the partnership consisting of Alexander Mun and Jason Mun doing business as Professional Home Builders (the "Mun partnership" or the "partnership"). First Financial argues that its policy covered the Muns' limited liability company but not their partnership, which is a separate legal entity. Plaintiff American States Insurance Company ("ASIC") has filed a cross motion for summary judgment (Dkt. #66) seeking a ruling that the policy covered the partnership.

For the reasons set forth below, the Court grants defendant's motion and denies plaintiff's

ORDER REGARDING CROSS MOTIONS
FOR PARTIAL SUMMARY JUDGMENT - 1

motion.[1]

## II.  DISCUSSION

**A.    Background Facts.**

The facts relevant to this motion are undisputed.  In 2003, the Mun partnership was sued by a third party, Residential Investment Partners 1997, LLC ("RIP"), for allegedly defective construction work (the "underlying action") on the Heritage Ridge construction project (the "project").  The matter was submitted to an arbitrator pursuant to an agreement between the partnership and RIP.  The arbitrator found the partnership liable and a judgment of approximately $1.9 million was entered against the partnership.  To resolve the underlying action, the partnership entered into a settlement agreement with RIP and the partnership's insurer, ASIC.  The partnership had liability insurance with ASIC for the policy period September 19, 1997 to September 19, 2000.  During that policy period, the partnership undertook work on the project and completed the work by October 1999.  ASIC defended the Mun partnership in the underlying action, paid all of the defense fees and costs, and paid the full amount of the judgment.  The partnership assigned all of its rights to ASIC.

In July 2000, the Muns formed Professional Homebuilders, LLC ("PHB LLC").  ASIC declined to quote a price for coverage for PHB LLC.  First Financial subsequently issued an insurance policy for the period of October 10, 2000 to October 10, 2001 (the "Policy").  The Policy included coverage for any covered liability resulting from the completed construction work of the policyholder.  First Financial denied coverage for defense and indemnity in the underlying action.  First Financial argues that the Policy covered PHB LLC, but not the partnership.  It further notes that the judgment in the underlying action is only against the partnership, and not against its insured, PHB LLC.

The contract for the Policy was negotiated by Daniel Welch, the insurance broker for the

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, defendant's request for oral argument is denied.

ORDER REGARDING CROSS MOTIONS
FOR PARTIAL SUMMARY JUDGMENT - 2

1  Muns, and Merry Beth Palmer, the general agent for First Financial. Welch had negotiated and
2  obtained insurance coverage for the partnership for many years prior to negotiating the Policy,
3  including negotiating and securing liability insurance for the partnership with ASIC.
4     In September and October 2000, Welch sent an Acord Commercial Insurance Application
5  ("Acord Application")[2] and supplemental questionnaire, which he signed as agent for PHB LLC,
6  to Palmer at Trinity Insurance E&S Services, Inc. ("Trinity"). Welch used the Acord
7  Application form he had on file, which still referenced the partnership as the applicant.
8  However, Welch informed Palmer that coverage was being sought for PHB LLC. Declaration of
9  Daniel Welch, (Dkt. #57-4) ("Welch Decl.") at ¶ 9. The supplemental questionnaire also stated
10 that the applicant was PHB LLC. Id., Ex. 8.
11    In October 2000, at Welch's request, Alex Mun signed a Commercial Insurance Premium
12 Finance Agreement in his capacity as a "member" of PHB LLC, reflecting his intent to obtain
13 insurance on behalf of that entity. Welch Decl., Ex. 9. Later that month, Palmer provided
14 Welch a quote for Commercial liability insurance from First Financial for PHB LLC. After
15 discussing the coverage with Alex Mun, Welch instructed Palmer to bind the coverage for PHB
16 LLC with First Financial. Palmer subsequently sent Welch a Confirmation of Bind document
17 which reflected the name of the insured as PHB LLC. Id., Ex. 10. Welch then informed the
18 Muns that coverage had been secured for PHB LLC. Shortly thereafter, Alex Mun requested
19 from Welch a certificate of insurance and an additional insured endorsement for a current
20 project. In response, Palmer prepared and forwarded the documents to Welch; both reflected the
21 named insured as PHB LLC. Declaration of Merry Beth Palmer, (Dkt. #57-6) ("Palmer Decl."),
22 Ex. 6. After the policy number was changed, Palmer sent Welch a revised Confirmation of
23 Bind, facsimile cover sheet, and revised certificate of insurance, all of which reflected the named
24 insured as PHB LLC. Welch forwarded the certificate of insurance and later, the revised

---

[2] Insurance companies typically require an Acord Application as a preliminary means of deciding whether to provide a quote for coverage. Welch's office uses an electronic form.

ORDER REGARDING CROSS MOTIONS
FOR PARTIAL SUMMARY JUDGMENT - 3

certificate, to the Muns. Neither Palmer nor Welch was ever informed that the documents contained any error.

In late October 2000, Palmer sent the Policy to Welch. Her transmittal letter stated that a "completed, signed and dated application" was still needed in accordance with the terms of the policy. As requested, Welch prepared a final Acord Application which named the insured as PHB LLC. Alex Mun and Welch both signed the final Acord Application, and Welch forwarded it to Palmer. In the following months, at Welch's request, Palmer sent him two certificates of insurance at different times, both of which reflected the named insured as PHB LLC. Palmer Decl., Exs. 13, 17. Welch forwarded the certificates of insurance to the Muns and heard no objection from them.

Several months after the Policy was issued, in January 2001, Welch noticed that the Policy included an "X" in the declarations page indicating that the "Form of Business" of the named insured was a "partnership." Palmer Decl., Ex. 19. He requested that First Financial correct the error, which it did by issuing a Correction Endorsement. Welch Decl., Ex. 20; Palmer Decl., Ex. 20. Welch then forwarded the Policy to Alex Mun.

This action was initially filed by "Alexander Mun and Jason Mun doing business as Professional Home Builders and Professional Homebuilders, LLC." The Court granted defendant's motion for summary judgment because those plaintiffs were not the real parties in interest. The parties subsequently agreed to substitute ASIC as the plaintiff. The Court has jurisdiction based on diversity of the parties. ASIC alleges that First Financial breached its duty to defend, investigate, indemnify, and settle. It also alleges that First Financial's conduct violated the Washington Consumer Protection Act and its statutory duties, and amounted to bad faith.

**B.     Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material

fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004).  All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.  Analysis.**

   **1.  The Policy Covers Only PHB LLC.**

The insured has the burden of proving that insurance coverage exists. McDonald v. State Farm Fire & Cas. Co., 119 Wn.2d 724, 730 (1992).  An insurance contract is governed by ordinary contract principles.  Courts seek to effectuate the intent of the parties, which is the "touchstone of contract interpretation." Tanner Elec. Coop. v. Puget Sound Power & Light Co., 128 Wn.2d 656, 674 (1996).  "Washington follows an objective manifestation test for contracts, looking to the objective acts or manifestations of the parties rather than to the unexpressed subjective intent of any party." Wilson Court Ltd. P'ship v. Tony Marconi's, Inc., 134 Wn.2d 692, 699 (1998).  Here, the parties' objective manifestations reflect their intention that the Policy was to insure PHB LLC.  Welch and Palmer were acting as agents for the Muns and First Financial, respectively, in negotiating and securing the Policy.  Both have stated unequivocally that they intended to secure coverage for PHB LLC.  The vast majority of the numerous documents they exchanged reflected that intent, including three certificates of insurance that the Muns sought for PHB LLC.  Moreover, the Muns never objected after receiving numerous documents listing the insured as PHB LLC.  The Muns instructed and authorized Welch to obtain quotes, conduct negotiations, and secure insurance coverage for PHB LLC.  Although Alex Mun states in a declaration that he instructed Welch to obtain coverage for "my company's liabilities," he never states that he instructed him to obtain Policy coverage for the partnership, which no longer existed.  Declaration of Alex Mun, (Dkt. #66-3) ("Mun Decl.") at ¶ 13.  Instead, his "company" at that time was PHB LLC.

ORDER REGARDING CROSS MOTIONS
FOR PARTIAL SUMMARY JUDGMENT - 5

1   Plaintiff argues that two documents reflect the named insured as the partnership. Although the first Acord Application references the partnership, the negotiating parties understood that coverage was being sought for PHB LLC.  Also, a final, signed Acord Application was required from the insured, and was obtained from PHB LLC.  The declarations page of the Policy references the partnership; First Financial argues that it reflects a scrivener's error.  "A scrivener's error occurs when the intention of the parties is identical at the time of the transaction but the written agreement errs in expressing that intention." Reynolds v. Farmers Ins. Co., 90 Wn. App. 880, 885 (1998).  When a contract contains a scrivener's error, the court may reform the contract to correct the error.  Id.  A party seeking correction "only has to show that the parties agreed to accomplish a certain objective and that the instrument is insufficient to execute their intention." Wilhelm v. Beyersdorf, 100 Wn. App. 836, 844 (2000).  As set forth above, the parties intended for the Policy to cover PHB LLC, not the partnership.  ASIC's interpretation of the Policy is irrelevant because it was not a party to the Policy and was not involved in the negotiations leading up to it.  The "X" in the wrong box represents a scrivener's error.

   Plaintiff argues that the Correction Endorsement lists an "effective date" of January 15, 2001, signifying that the partnership was insured by the Policy until that time.  That argument is inconsistent with the three certificates of insurance the Muns sought and received for PHB LLC during the Policy period prior to the correction.  Also, when Welch requested the Correction Endorsement, and when Palmer prepared it, both intended that the correction was to correct the clerical mistake and make it clear that the named insured was, and had always been, PHB LCC.  Welch Decl. at ¶ 19; Palmer Decl. at ¶ 18.  The Correction Endorsement stated that the Policy was "amended" to show that the insured was PHB LLC.  First Financial uses the word "amend" to correct an error.  It would have used the word "changed" if the entity actually changed.  Cole Dep. at p. 31.  Furthermore, there was no reason to change the named insured mid-way through the Policy period, particularly because, during the entire Policy period, the partnership was no

ORDER REGARDING CROSS MOTIONS
FOR PARTIAL SUMMARY JUDGMENT - 6

longer operative and the work was being performed solely by PHB LLC.  Plaintiff has offered no other explanation for changing the insured mid-way through the Policy period, other than to correct the error.  Indeed, if ASIC's argument was accepted, then PHB LLC would have had no insurance coverage between October 2000 and January 2001, which was clearly not the contracting parties' intent.

Alex Mun also argues that he "understood" that the Policy would cover the company's completed projects.  Mun Decl. at ¶ 13.  His subjective understanding, however, does not control, particularly because he never communicated that understanding or intent to Welch, and Welch never communicated it to Palmer.  Moreover, the partnership's completed projects were already insured by the ASIC policy.  Declaration of Steve Harrison (Dkt. #66-4) at ¶ 4.  The completed projects coverage in the Policy covered projects that PHB LLC would compete during the Policy period.

Plaintiff argues that the arbitrator concluded that PHB LLC "is the successor to PHB." Declaration of Gregory Harper (Dkt. #66-6), Ex. E.  However, the arbitrator did not make any finding of successor liability.  Instead, the arbitrator found that the partnership performed all of the work on the project and never made any finding of liability against PHB LLC.

Finally, plaintiff argues that First Financial charged a premium to insure the risks associated with the Muns' completed projects.  However, there is no evidence to support that assertion.[3]

Based on the foregoing, the Court finds as a matter of law that the Policy did not insure the partnership.  The contract is reformed to reflect that PHB LLC was the only insured under the Policy for the entire Policy period.

**2. PHB LLC Is Not Legally Obligated to Pay for the Damages Award Against the Partnership.**

---

[3] The lack of evidence on that point also undermines plaintiff's argument that the "past partnership" provision does not apply.

ORDER REGARDING CROSS MOTIONS
FOR PARTIAL SUMMARY JUDGMENT - 7

ASIC argues that even if the Policy does not cover the partnership, PHB LLC is liable for the judgment in the underlying action. Therefore, it argues, First Financial must pay the defense costs and judgment in the underlying action. Plaintiff asserts that PHB LLC is liable under the "mere continuation" and "*de facto* merger" exceptions to the traditional rule that a successor corporation is not liable for the debts of the corporation it purchases. However, under the terms of the Policy, First Financial is obligated to pay only "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Declaration of Everett Jack (Dkt. #57-2), Ex. 6 at p. 9. PHB LLC has never been found to be legally obligated to pay any portion of the damages owed by the partnership. No such finding will occur in the future because the underlying action has been settled.

In addition, the merger exception "only occurs when the consideration flowing to the selling corporation is shares of the purchasing corporation's stock, as opposed to cash," which was not the situation here. Uni-Com Northwest, Ltd. v. Argus Publ'g Co., 47 Wn. App. 787, 802 (1987). Similarly, the continuation exception has been narrowly applied in Washington to protect the interests of the predecessor entity's creditors, minority shareholders, or customers who purchased an unreasonably dangerous product manufactured by the predecessor and who might otherwise have no recourse. See, e.g., Martin v. Abbott Labs., 102 Wn.2d 581, 609-610 (1984). There is no evidence that the partnership changed forms for any improper purpose, such as to evade creditors. ASIC presents no authority or policy reasons to support extending the doctrines to allow an insurance company to avoid paying for damages its insured caused and it contractually agreed to insure.

First Financial argues that even if PHB LLC was liable for the damages awarded against the partnership, coverage is precluded by the "past partnership" Policy provision. The Court need not reach that argument in light of its other findings.

**3.     First Financial Did Not Breach Its Duty to Defend.**

1    ASIC seeks a declaration that First Financial breached its duty to defend PHB LLC in the underlying action. The duty to defend is broader than the duty to indemnify. See, e.g., Truck Ins. Exchange v. Vanport Homes, Inc., 147 Wn.2d 751, 760 (2002). The duty to defend "arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." Id. (internal citation and quotation omitted). The insurer is relieved of the duty to defend only if the claim alleged is clearly not covered by the policy. Kirk v. Mt. Airy Ins. Co., 134 Wn.2d 558, 561 (1998) (internal citation omitted).

ASIC argues that the duty to defend was triggered because PHB LLC was insured under the Policy, and Residential sued PHB LLC in the first amended complaint in the underlying action. However, the complaint was based on (1) the contract between the partnership and RIP, and (2) work performed solely by the partnership and damage caused by that work. Although PHB LLC was sued as a "successor in interest" to the partnership, the Policy contained a "past partnership" exception. Section II of the Policy, entitled "Who is an insured," includes the following provision: "No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture, or limited liability company that is not shown as a Named Insured in the Declarations." Based on the allegations in the complaint and the Policy terms, there was no potential coverage for the underlying action. First Financial had no duty to defend.

Nevertheless, ASIC argues that First Financial breached its duty because its Specialty Claims Handler, Roy Leeds, admitted that he could not "rule in or out" the potential that the allegations against PHB LLC could give rise to insurance coverage. Plaintiff's Cross Motion at p. 32 (quoting Leeds Dep. at pp. 73-75). ASIC, however, misstates Leeds' testimony. In fact, he explained several reasons for the denial of coverage, including the fact that the Policy covered PHB LLC and not the partnership. He explained that *if* the named insured was not an issue, he could not rule out damage that would have escaped the "loss of progress" exclusion.

ORDER REGARDING CROSS MOTIONS
FOR PARTIAL SUMMARY JUDGMENT - 9

Leeds Dep. at p. 75. ASIC also argues that Leeds improperly used extrinsic evidence to deny coverage. However, Leeds concluded, based on the complaint and the Policy, that no coverage existed. Id. at 78-79. Even though the complaint contained no allegation that PHB LLC performed any of the work on the project, he investigated to confirm that fact. Id. at pp. 62, 79-81; id. at p. 81 ("given the greatest doubt to my insured"). Leeds appropriately considered extrinsic evidence to investigate and to attempt to find coverage, not to deny coverage. See, e.g., Woo v. Fireman's Fund Ins. Co., 161 Wn.2d 43, 53-54 (2007) (explaining two exceptions to the rule that the duty to defend must be determined only from the complaint). Therefore, Leeds' testimony does not support ASIC's position.

In addition, no notice of the underlying action was given to First Financial until more than two years after it was filed. First Financial suffered a detriment as a result of the late notice: by the time the claim was tendered to First Financial, the underlying action had already been submitted to binding arbitration. ASIC argues that First Financial suffered no detriment because arbitration was contractually mandated. That argument, however, ignores the fact that First Financial's insured, PHB LLC, was not a party to the contract that required binding arbitration. PHB LLC's assent to have the claims against it considered in binding arbitration precluded First Financial from pursuing judicial remedies it otherwise had. Those actions prejudiced First Financial. Therefore, the late notice relieved First Financial of any duty to defend that it may have had. See, e.g., MacLean Townhomes v. Am. States Ins. Co., 138 Wn. App. 186 (2007) (finding prejudice to the insurance company where its insured, without notice, submitted its claims to binding arbitration, thereby "remov[ing] judicial remedies that the insurer may have had").

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS First Financial's motion for partial

summary judgment (Dkt. #57) and DENIES ASIC's cross motion for partial summary judgment (Dkt. #66).

DATED this 28th day of December, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING CROSS MOTIONS
FOR PARTIAL SUMMARY JUDGMENT - 11