1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMERICAN STATES INSURANCE CO.,

Plaintiff,

v.

FIRST FINANCIAL INSURANCE CO.,

Defendant.

Case No. C05-2098RSL

ORDER DENYING MOTION
FOR RECONSIDERATION

16  This matter comes before the Court on a motion for reconsideration filed by plaintiff
17 American States Insurance Company ("ASIC").  ASIC requests that the Court reconsider the
18 portion of its December 28, 2007 Order Regarding Cross Motions for Summary Judgment (Dkt.
19 #77, the "Order") that held that defendant First Financial did not breach its duty to defend PHB
20 LLC in the underlying action.  ASIC does not contest the remainder of the Order.
21  ASIC argues that the Court erroneously found that the complaint in the underlying action
22 made allegations of defective work only against the partnership.  ASIC notes that the underlying
23 complaint referred to both the partnership and the LLC collectively as "Professional
24 Homebuilders" and all subsequent allegations were directed at "Professional Homebuilders."
25 However, the underlying complaint alleged that the LLC was not formed until 2000.  Prior to
26 that time, in 1998, the partnership entered into a contract to perform the relevant work and
27
28 ORDER DENYING MOTION
FOR RECONSIDERATION - 1

"provided labor and material at the Heritage Ridge Apartments ostensibly *pursuant to the PHB contract*." Underlying Complaint at ¶ 3.4 (emphasis added). The Underlying Complaint did not explicitly allege that the LLC contracted to or performed any of the work and the timing alleged in the complaint undermines any such inference. <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955 (2007).

ASIC also alleges that the Court erred in finding that the LLC was sued as a successor in interest to the partnership. However, the underlying complaint stated that the LLC "is the successor in interest to PHB." Underlying Complaint at ¶ 3.7.

In addition, ASIC argues that whether its late notice prejudiced First Financial is a fact issue. However, that issue can be decided on a motion for summary judgment. <u>See, e.g.</u>, <u>MacLean Townhomes v. Am. States Ins. Co.</u>, 138 Wn. App. 186 (2007) (on a motion for summary judgment, finding prejudice to the insurance company where its insured, without notice, submitted its claims to binding arbitration, thereby "remov[ing] judicial remedies that the insurer may have had").

For all of the foregoing reasons, the Court DENIES ASIC's motion for reconsideration (Dkt. #78).

DATED this 14th day of January, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR RECONSIDERATION - 2